UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DARRYL STODDARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-91 |
| | ) | (PHILLIPS/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Pleadings [Doc. 9], and the defendant's Motion For Summary Judgment. [Doc. 13]. Plaintiff Darryl Stoddard seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 37 years of age on the alleged disability onset date of July 11, 2005 (Tr. 73, 93). He is a high school graduate with work experience in retail sales of auto parts (Tr. 401). He alleges that he has been disabled since 2005, due to left shoulder wrist injury and mental illness, specifically, depression. He says that he can not shower or dress himself, do household chores, carry things or pick up his children (Tr. 86). He also says that he has trouble getting out of bed due to depression and P.T.S.D. (Tr. 83, 93), and that he has crying spells and lacks enough attention span to complete simple tasks (Tr. 408-409).

The plaintiff alleges that he was in an auto accident in October, 2004, and that his wife was killed in the accident. He asserts that his physical and mental problems stem from that wreck. He says he tried to return to work at an auto parts store, but that his employer fired him because he couldn't complete assigned tasks (Tr. 94). Apparently, there also was some criminal litigation flowing from the situation, and plaintiff cites that as another source of stress (Tr. 412).

## ANALYSIS AND BASIS FOR REMAND

The Court finds that a remand is appropriate and necessary in this case because the plaintiff's RFC did not include a limitation for social functioning.

Following the ALJ's hearing on September 25, 2007, the plaintiff was examined by Martha Wike, Ph.D., on December 31, 2007. Dr. Wike, finding the plaintiff to be "credible", diagnosed the plaintiff with PTSD, chronic; major depressive disorder, severe, single episode and alcohol dependence in full sustained remission (Tr. 155). Dr. Wike opined that plaintiff is moderately limited in his ability to interact appropriately with the public, supervisors, and coworkers. Dr. Wike further noted plaintiff's ability to care for his four children, as a single parent, has been "tremendously impacted" by his depression and PTSD, and that he constantly thinks about the motor vehicle accident and his responsibility for the death of his children's mother (Tr. 157).

The ALJ, who ordered this evaluation, mentioned Dr. Wike's opinion in his decision (Tr. 18-19). However, he did not explain why the limitations in plaintiff's ability to interact appropriately with the public, supervisors, and coworkers was not included in his RFC determination.

2

The Commissioner concedes that the ALJ adopted Dr. Wike's opinion, but did not include any social functioning limitations in the plaintiff's nonexertional RFC [Doc. 14, pg. 8]. The Commissioner argues that this was harmless error, because the vocational expert, Ernest Brewer, identified three jobs which do not involve "extensive social interaction:" sorter, grader and inspector.

The Court disagrees. The RFC was not complete and did not reflect the diagnoses of Dr. Wike. Moreover, the three jobs cited by the defendant do involve social interaction. This being said, it is not certain that the record establishes disability.

It is **RECOMMENDED**, therefore, that this case be **REMANDED** to the defendant Commissioner for further proceedings consistent with this Report and Recommendation, and specifically, for determination of an RFC reflective of Dr. Wike's opinion. To that end, it is **RECOMMENDED** that the plaintiff's Motion For Summary Judgement [Doc. 9] be **GRANTED** only for remanding the case as aforesaid. It is also **RECOMMENDED** that the defendant's Motion For Summary Judgment [Doc. 13] be **DENIED**.[1]

                                                      Respectfully submitted,

                                                        s/ H. Bruce Guton
                                                    United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).