# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| DARRYL STODDARD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:09-CV-91 (Phillips/Guyton) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On February 2, 2010, the Honorable H. Bruce Guyton, United States Magistrate Judge, entered a Report and Recommendation ("R&R") [Doc. 15] in which he recommended that Plaintiff's Motion for Summary Judgment [Doc. 9] be granted, to the extent that the case should be remanded to the Commissioner for further proceedings. Judge Guyton also recommended that the Commissioner's Motion for Summary Judgment [Doc. 13] be denied. This matter is now before the Court on the Commissioner's timely objections to the R&R [Doc. 16]. As required by 28 U.S.C. § 626(b)(1) and Rule 72(b)(2), the Court has reviewed *de novo* those portions of the R&R [Doc. 15] to which the Commissioner objects.

In this case, the ALJ found that Plaintiff had moderate limitations in social functioning. However, the ALJ did not include any limitations for social functioning in finding that Plaintiff retained the residual functional capacity ("RFC") for simple, repetitive, non-detailed tasks. In the R&R [Doc. 15], Judge Guyton recommended to remand the case because the "plaintiff's RFC did not include a limitation for social functioning." [Judge Guyton's R&R, Doc. 15 at 2]. The Commissioner objected, arguing that remand is not appropriate. [Commissioner's Objections, Doc.

16]. In particular, the Commissioner argues that the case should not be remanded because the ALJ's failure to discuss Dr. Martha Wike's opinion –and any limitations for social functioning–in his RFC determination amounted to a "harmless error," and therefore is not an appropriate basis for remand. [Id.].

Following the ALJ's hearing on September 25, 2007, Plaintiff was examined by Dr. Wike on December 31, 2007. Dr. Wike diagnosed Plaintiff with post-traumatic stress disorder ("PTSD"), chronic; major depressive disorder, severe, single episode and alcohol dependence in full sustained remission. [Tr. 155]. As Judge Guyton noted, "Dr. Wike opined that plaintiff is moderately limited in his ability to interact appropriately with the public, supervisors, and coworkers. Dr. Wike further noted plaintiff's ability to care for his four children, as a single parent, has been 'tremendously impacted' by his depression and PTSD, and that he constantly thinks about the motor vehicle accident and his responsibility for the death of his children's mother." [Judge Guyton's R&R, Doc. 15 at 2, citing Tr. 157]. The ALJ discussed Dr. Wike's opinion in his decision [Tr. 18-19], but he did not reference it in his RFC determination.

As the Court of Appeals for the Sixth Circuit has stated, courts "will uphold the Commissioner's decision if it is supported by substantial evidence and if the Commissioner applied the correct legal criteria." Bowen v. Comm'r of Soc. Sec., 578 F.3d 742, 745-46 (6th Cir. 2007) (citing Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." Bowen,

478 F.3d at 746 (citing Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 546-47 (6th Cir. 2004)).

The Commissioner argues that the ALJ's failure to mention Dr. Wike's opinion in his RFC determination was a "harmless error," and therefore not an appropriate basis for remand. The Court disagrees. In Hall v. Comm'r of Soc. Sec., the Commissioner argued that the ALJ's failure to address the opinion of a treating physician amounted to a harmless error. 148 F.App'x 456, 461-62 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit rejected this argument. Id. at 467. In Hall, the plaintiff asserted total disability based on both physical and psychological impairments. Id. at 458. The ALJ addressed the opinion of the treating physician with regard to the plaintiff's psychological impairment, but did not mention the physician's opinion with respect to the plaintiff's physical limitations. Id. at 463. The court in Hall recognized that "although the ALJ addressed other medical opinions related to Hall's physical limitations, none of them supported the specific RFC that the ALJ ultimately adopted. *Because the court was unable to discern the ALJ's reasons for the weight that he gave to the opinion of Hall's treating physician . . .* [the case] necessitated a remand." Bowen, 578 F.3d at 748 (6th Cir. 2007) (citing Hall, 148 F.App'x at 465-66, 467).

The Court finds that this case is similar to Hall. Notably, because the ALJ did not mention Dr. Wike's opinion in his RFC determination, the Court is unable to discern the ALJ's reasons for the weight that he gave to the opinion of Dr. Wike. As it stands, the RFC determination was not complete because it did not reflect the diagnoses of Dr. Wike. Without knowing how much weight the ALJ gave to Dr. Wike's opinion in his RFC determination, the Court agrees with Judge Guyton that "it is not certain that the record establishes disability." [Judge Guyton's R&R, Doc. 15 at 3]. Therefore, the Court finds that the ALJ's failure to address Dr. Wike's opinion in his RFC determination was not a "harmless error."

Accordingly, the Court finds itself in complete agreement with Judge Guyton's analysis of the legal issues. The Commissioner's objections [Doc. 16] therefore are **OVERRULED** and the R&R [Doc. 15] is **ACCEPTED IN WHOLE**, whereby Plaintiff's Motion for Summary Judgment [Doc. 9] is **GRANTED, to the extent that the case is remanded to the Commissioner for further proceedings**. In addition, the Commissioner's Motion for Summary Judgment [Doc. 13] is **DENIED**.

        **IT IS SO ORDERED**.

        **ENTER:**

          s/ Thomas W. Phillips
        United States District Judge